hLOWE, Judge Pro Tem.
Carolyn Cockerhem appeals the judgment of a workers’ compensation hearing officer denying her petition for benefits. For the following reasons, the judgment, of the trial court is affirmed.
BACKGROUND
Carolyn Cockerhem worked for K & B Drugs (“K & B”) as a cashier. On November 21, 1991, she sustained injuries to her upper back, neck, right arm, right leg, and right wrist when she fell over a box of Pampers that had been placed behind her cash register stand. After a medical examination, Cockerhem was diagnosed as suffering from cervical and lumbar tenderness accompanied by spasms and a bruised right wrist.
On December 2, 1991, she visited Dr. A.E. Dean, an orthopedic surgeon. He advised her that the injuries she suffered from the fall should clear up. He released her to work on December 3, 1991 with the proviso to avoid heavy lifting. She returned to work on December 9, 1991. She stopped working on December 17, 1991, claiming that the persistent pain in her wrist was preventing her from continuing to work.
She revisited Dr. Dean, who eventually performed out-patient surgery on her right wrist. On February 4, 1992, Dr. Dean released her. On February 25, 1992, Cocker-hem sought a second opinion from Dr. A.H. Powell, a general practitioner. He found that Cockerhem was incapable of returning to work and issued a work excuse for her. On May 27, 1992, Cockerhem visited Dr. Dean again. He again stated that she could return to work.
Ms. Cockerhem received medical expenses and weekly benefits from the date of the accident until March 3,121992. On March 3, 1992, K & B stopped paying benefits because it felt that Cockerhem could return to work. Cockerhem filed this action seeking to recover workers’ compensation benefits for the dates of March 4,1992 through April 25,1992 and unpaid medical expenses.
Trial was conducted on November 5, 1992. On May 7, 1993, the workers’ compensation hearing officer denied Cockerhem’s claim for benefits. The hearing officer, giving heavy weight to the opinion of Dr. Dean, found that Cockerhem could have returned to work on *415 March B, 1992. The hearing officer, however, did find that she had proven that the $141.00 in medical expenses were reasonable and necessary and awarded her that amount. Cockerhem appeals the judgment of the hearing officer.
DISCUSSION
Cockerhem contends that the hearing officer erred in not finding that she was entitled to workers’ compensation benefits between March 4, 1992 and April 25, 1992. An employee is entitled' to workers’ compensation benefits if he suffers an injury as the result of an accident arising out of and in the course of employment. LSA-R.S. 23:1031(A). In order to receive workers’ compensation benefits, the employee must prove that he has a disability by clear and convincing evidence. LSA-R.S. 23:1221(1)— (4). This factual finding of the hearing officer is not to be overturned in the absence of manifest error. Bailey v. Smelser Oil & Gas, Inc., 620 So.2d 277, 280 (La.1993). The issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the fact finder’s conclusion was reasonable. Stobart v. State through DOTD, 617 So.2d 880, 882 (La.1993).
laAt trial, the issue was whether Cockerhem was disabled between March 3, 1992 and April 25, 1992. Cockerhem testified that despite the .surgery her wrist still hurt and she could not perform the duties of a cashier. Her testimony was partially corroborated by Cockerhem’s husband.
Dr. Dean testified, through deposition, that he had a good idea of what a cashier did and as of February 5, 1992 Cockerhem could have returned to work. His medical records reveal that by February 5, 1992, she had good flexion and extension of the wrist. Dr. Dean also took X-rays of the wrist on February 5, 1992 and could find no abnormalities. At the May 27, 1992 examination, Dr. Dean also found no abnormalities in her wrist.
Dr. Powell’s medical records reveal very little. Although Dr. Powell did excuse Cock-erhem from work for two to four weeks because of her wrist pain, his medical records state no diagnosis of the cause of the pain. Although the medical records mention the prospect of a follow-up examination, no medical reports of a follow-up examination is in the record.
The evidence and testimony adduced at trial necessitated that the hearing officer choose between two permissible views of the evidence, i.e., either Dr. Dean is right and Cockerhem could return to work by March 3, 1992 or Dr. Powell was right and she couldn’t return to work. The hearing officer simply chose between these two versions of events and thus it cannot be clearly wrong. Stobart, supra.

CONCLUSION

Because the evidence and testimony in the record support the finding that Cockerhem was not disabled as of March 3, 1992, the judgment of the workers’ compensation I Rearing officer is affirmed. Costs are assessed against the appellant.
AFFIRMED.